DYSART, J.,
dissents, with reasons.
[ j Because I find that the State offered sufficient evidence to prove the defendant’s guilt beyond a reasonable doubt, I respectfully dissent.
Officer Terrell testified on direct that one could see that the steering column had been compromised and that there was no key in the ignition “from all vantage points.” On cross examination, the officer was asked if he sat on the passenger seat behind the front seat passenger. He responded, “No. I entered through the rear passenger seat, to retrieve the rifle. At that time I could see — you can get an *25 angle from the back of the seat, that the steering column was defeated.” To clarify, the defense attorney asked, “And what side of the rear passenger [sic] did you enter from?” Officer Terrell responded, “The driver’s side.”
This testimonial evidence is sufficient to prove that the defendant could indeed see from his seat in the van that the steering column had been defeated, and therefore, knew that the car was stolen. Applying the manifest error/clearly wrong standard enunciated in the majority’s opinion, I find there is sufficient evidence to affirm the adjudication of the trial court.